# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>S-TRAN HOLDINGS, INC., et al.,[1]<br><br>Debtors. | Case No. 05-11391 (KJC)<br>(Jointly Administered)<br><br>Chapter 11 |
| S-TRAN HOLDINGS, INC.; SERVICE TRANSPORT, ING.; and DIXIE TRUCKING COMPANY, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>PROTECTIVE INSURANCE COMPANY,<br><br>Defendant. | Adversary Proceeding No. 07-51341 (KJC) |

## ANSWER OF DEFENDANT, PROTECTIVE INSURANCE COMPANY, TO PLAINTIFFS' COMPLAINT

Defendant, Protective Insurance Company, says by way of Answer to the Complaint of Plaintiffs as follows:

### SUMMARY

1.      The allegations of paragraph 1 are neither a statement of fact or allegation of law as to which a response is required.

### JURISDICTION, VENUE AND PARTIES

2.      Admitted.

3.      Admitted.

---

[1] The Debtors are the following entities: S-Tran Holdings, Inc., a Delaware corporation; Service Transport, Inc., a Tennessee Corporation; and Dixie Trucking Company, Inc., a North Carolina Corporation

4. Defendant is without sufficient knowledge on which to form a belief as to the truth or falsity of the allegations contained in paragraph 4 and, therefore, Plaintiffs are left to their proof.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

## GENERAL ALLEGATIONS

9. Admitted. Defendant specifically avers that it provided personal injury liability, property damage liability, cargo legal liability, physical damage-comprehensive, physical damage-collision, and employer's liability coverages to the Debtors under policy No. X-1435. This Policy provided coverages subject to a self-insured retention amount of $100,000 per occurrence. In conjunction therewith, Defendant also issued on behalf of Service Transport, Inc. ("Service") a Motor Carrier Bodily Injury Liability and Property Damage Liability Surety Bond Under 49 U.S.C. § 13906, pursuant to which Defendant was surety for Service Transport, Inc. This Bond was filed with the Federal Highway Administration Office of Motor Carriers and provided security for the protection of the public and inured to the benefit of any and all persons who should recover a final judgment or judgments against Service for bodily injury or death or the loss or damage of property resulting from the negligent operation, maintenance or use of motor vehicles and transportation subject to Title 49 of the United States Code. In addition, Defendant issued Worker's Compensation and Employer's Liability Insurance Policy No. WD001340 subject to a deductible amount of $200,000 per claim. Despite the deductible amount, under this policy Defendant was directly and primarily liable to each claimant asserting a claim under such policy for all amounts payable on account of any such claim. In addition,

Defendant, as surety for Service issued a Motor Carrier Cargo Liability Surety Bond Under 49 U.S.C. § 13906 and filed such Bond with the Federal Highway Administration Office of Motor Carriers, and pursuant to which Bond Defendant obligated itself as surety to make compensation to shippers and consignees for all losses and damages to property which come into the possession of Service in connection with its provision of transportation services, up to a limit of $5,000 per shipment. These coverages and bonds were provided by Defendant to the Debtors beginning on or about January 1, 2002.

10. Defendant admits that the Debtors executed in favor of Defendant a certain General Agreement of Indemnity dated January 1, 2002, and a Collateral Agreement dated January 9, 2002. Defendant specifically avers that the terms of these agreements speak for themselves.

11. Denied. Defendant specifically avers that Service provided to Defendant a Letter of Credit originally dated February 1, 2002 and amended from time to time in the final amount of $3,477,000. As of the Petition Date, Service had provided to Defendant premium payments in the amount of $415,173.

12. Denied. Defendant specifically avers that it drew on the Letter of Credit by letter dated May 6, 2005.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

## FIRST CLAIM FOR RELIEF

### (Turnover Pursuant to 11 U.S.C. § 542(a))

17. Defendant herein repeats its answers to the allegations contained in paragraphs 1 through 16 of the Complaint and incorporates them herein by reference.

18. Defendant admits that prior to the Petition Date, it drew down on certain Letters of Credit. The remaining allegations of paragraph 18 are denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Admitted. Defendant specifically avers that it has consistently advised Debtors that Defendant would return the unnecessary or excess portion of any amount held as reserves when the amount and severity of the claims asserted under the Workers Compensation Policy and the two bonds issued by Defendant were resolved.

24. Denied.

## SECOND CLAIM FOR RELIEF

### (Violation of the Automatic Stay Pursuant to 11 U.S.C. § 362)

25. Defendant herein repeats its answers to the allegations contained in paragraphs 2 through 24 of the Complaint and incorporates them herein by reference.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

## THIRD CLAIM FOR RELIEF

### (Unauthorized Post-Petition Transfer Pursuant to 11 U.S.C. § 549)

30. Defendant herein repeats its answers to the allegations contained in paragraphs 2 through 29 of the Complaint and incorporates them herein by reference.

31. Denied.

32. Denied. Defendant specifically avers that any claims paid or settled by Defendant were claims for which Defendant was directly liable to the claimant. Any payment under a Bond was made with the express consent and at the direction of Service.

33. Denied.

## FOURTH CLAIM FOR RELIEF

### (Breach of Contract)

34. Defendant herein repeats its answers to the allegations contained in paragraphs 2 through 33 of the Complaint and incorporates them herein by reference.

35. Denied  Defendant specifically avers that the terms and provisions of the Polices and related agreements speak for themselves.

36. Denied.

37. Denied.

## FIFTH CLAIM FOR RELIEF

### (Breach of Fiduciary Duties)

38. Defendant herein repeats its answers to the allegations contained in paragraphs 2 through 37 of the Complaint and incorporates them herein by reference.

39. Denied. Defendant specifically avers that the terms and provisions of the Polices and related agreements speak for themselves.

40. Denied.

41. Denied.

42. Denied.

WHEREFORE, Defendant demands judgment dismissing the Complaint with prejudice and with costs.

## SEPARATE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted.

2. The Debtors are barred from recovery by the doctrines of waiver, estoppel and laches.

3. Defendant has performed each and every duty owed to the Debtors, whether contractual or otherwise.

4. The amount stated by the Debtors is incorrect.

Dated:  June 8, 2007

By: /s/  John V. Fiorella                .
John V. Fiorella (DE No. 4330)
ARCHER & GREINER, P.C.
300 Delaware Avenue, Suite 1370
Wilmington, DE   19801
Telephone:  302-777-4350
Facsimile:  302-777-4352
E-mail:  jfiorella@archerlaw.com
*Counsel for Protective Insurance Company*

2685572v1